MARY'S OPINION HEADING 








NO. 12-09-00158-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

RONALD RAY
KENNEDY-BROOKS,          §                   APPEAL FROM THE 7TH

APPELLANT

 

V.                                                                     
§                    JUDICIAL DISTRICT COURT

 

THE STATE OF
TEXAS,

APPELLEE                                                   
§                     SMITH COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

PER
CURIAM

            Ronald
Ray Kennedy-Brooks appeals his conviction for burglary of a habitation. 
Appellant=s counsel filed a brief in
compliance with Anders v. California, 386 U.S. 738, 87 S. Ct.
1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969).  We dismiss the appeal.

 

Background

Appellant
was charged by indictment with the offense of burglary of a habitation, a
second degree felony.[1]  Appellant
pleaded guilty to the offense charged in the indictment.  The trial court found
Appellant guilty of the charged offense and sentenced him to ten years of
imprisonment and a $1,000.00 fine.[2]  However, the trial court ordered
that imposition of the sentence be suspended and that Appellant be placed on
community supervision for a period of five years.[3]

The
State filed an application to revoke community supervision, alleging that
Appellant had violated the terms of his community supervision.  Appellant and
his attorney signed a written plea admonishment and stipulation of evidence,
admitting as “true” all but paragraph eight of the allegations in the State’s
application.  At the hearing on the application, the State abandoned paragraph
eight.  Appellant again pleaded Atrue@
to the remainder of the allegations contained in the State=s
application.  At the conclusion of the hearing, the trial court accepted
Appellant’s plea, found that he violated the terms of his community
supervision, granted the State’s application, revoked Appellant’s community
supervision, and assessed his punishment at ten years of imprisonment and a
$1,000.00 fine.  This appeal followed.

 

Analysis pursuant to Anders v. California

Appellant=s
counsel filed a brief in compliance with Anders and Gainous,
stating that he has diligently reviewed the appellate record and is of the
opinion that the record reflects no reversible error and that there is no error
upon which an appeal can be predicated.  From our review of Appellant=s
brief, it is apparent that his counsel is well acquainted with the facts in
this case.  In compliance with Anders, Gainous, and
High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978),
counsel=s
brief presents a chronological summation of the procedural history of the case,
and further states that counsel is unable to raise any arguable issues for
appeal.[4]  We have reviewed the record for
reversible error and have found none. 

 

Conclusion

As
required, Appellant=s counsel has moved for
leave to withdraw.  See In re Schulman, 252 S.W.3d 403, 407 (Tex.
Crim. App. 2008) (orig. proceeding); Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991).  We are in agreement with Appellant=s
counsel that the appeal is wholly frivolous and his motion for leave to
withdraw is hereby granted.  See In re Schulman,
252 S.W.3d at 408-09.

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise him of his right to file a
petition for discretionary review.  See Tex. R. App. P. 48.4; In re Schulman, 252
S.W.3d at 411 n.35.  Should Appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to
file a petition for discretionary review or he must file a pro se petition for
discretionary review.  See In re Schulman, 252 S.W.3d at 408
n.22.  Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this court.  See Tex.
R. App. P. 68.2.  Any petition for discretionary review must be filed
with this court, after which it will be forwarded to the Texas Court of Criminal
Appeals along with the rest of the filings in this case.  See Tex. R. App. P. 68.3.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See Tex. R. App. P. 68.4; In re Schulman, 252
S.W.3d at 408 n.22.

We
dismiss Appellant=s appeal.

Opinion delivered May 5, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1] See Tex. Penal Code Ann. § 30.02(a)(1), (c)(2) (Vernon 2003).





[2] An individual adjudged guilty of a second degree
felony shall be punished by imprisonment for any term of not more than twenty
years or less than two years and, in addition, a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.33 (Vernon
2003).





[3] Tex.
Code Crim. Proc. Ann.
art. 42.12, § 3 (Vernon Supp. 2009). 





[4] Counsel for Appellant certified that he provided
Appellant with a copy of his brief and informed Appellant that he had the
right to file his own brief.  Appellant was given time to file his own brief,
but the time for filing such a brief has expired and we have received no pro se
brief.